■ In the Matter of MARIA A. PELAEZ and Another, Infants. MARYHOLT H. MAXWELL, Appellant; JOSEPH M. PELAEZ, Respondent.— Appeal from an order sustaining, without a hearing, a writ of habeas corpus and granting custody of two children to respondent, their father, and directing appellant, their mother, to deliver custody of the children to respondent. Order reversed, and proceeding remitted to the Special Term for further hearing. The welfare of children now within the jurisdiction of the courts of this State is involved. Their best interests should not be determined without a hearing. Wenzel, Acting P. J., Ughetta and Kleinfeld, JJ., concur; Murphy and Hallinan, JJ., dissent and vote to affirm, with the following memorandum: Respondent and appellant were divorced on March 1, 1955 in Havana, Cuba. The decree provided that custody of the two children involved here, aged 11 and 9, should be in the respondent, while appellant should have custody of a younger child. This arrangement regarding custody of the children was reaffirmed by written agreement made in July, 1955. Respondent has faithfully performed his part of the decree and the agreement. At the end of each school year in Havana he has sent the two children to the appellant in New York State. He did this in 1955, 1956, 1957 and 1958. For three years the two children were returned to the respondent by the appellant at the end of the Summer so that they could resume their schooling in Cuba. At the end of the Summer of 1958, however, appellant refused to return the two children to the respondent as she had agreed and as the divorce decree provided. When the respondent's entreaties to her failed, he sought a writ of habeas corpus for the return of the children to him. Upon the return the learned Justice at Special Term heard the arguments of the attorneys for the respective parties *in extenso* and then sustained the writ, returning the two children to the respondent. There was no claim whatsoever that respondent is unfit or that his economic status does not permit him to provide adequately for the care and education of the two children. Under these circumstances the alleged refusal of the court to permit the appellant to testify or to cross-examine respondent is not such error as to warrant remission and a new hearing. It would appear obvious that appellant is repudiating her solemn obligation.